(No. 946— )

A. Flanagan Company, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 9, 1927.*

Henry J. & Charles Aaron, for claimant.

Oscar E. Carlstrom, Attorney General; David J. Kadyk, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

The claimant, A. Flanagan Company, a corporation in its declaration, filed in this court July 6th, 1925, alleges that it is a domestic corporation, organized and existing under the laws of the State of Illinois, engaged in the business of dealing in general school supplies and having an office at 521 South Laflin Street, Chicago, Illinois; that certain sums were paid by it to the Secretary of State of the State of Illinois, under written protest in the years 1920, 1921, and 1922 as a franchise tax, which sums total $720.38, and which it seeks to recover in this action. Claimant further alleges that it issued 5000 shares of stock of no par value, which shares were issued in exchange for 250 shares of outstanding common stock of the par value of $100.00 per share, and that each share of no par value stock so issued had a paid in value not exceeding $5.00, which change was made on or about July 7th, 1920; that on or about December 23rd, 1922, under authority of a certificate of amendment to its Articles of Incorporation filed with the Secretary of State and pursuant to a certificate of issuance filed with the Secretary of State, it issued an additional 1000 shares of no par value stock; that such increase was for the purpose of capitalizing and did, in effect, capitalize a $75,000.00 surplus and that each no par value share so issued had an actual paid in value of not more than $75.00 a share; that for the privilege of exercising its franchise in the State of Illinois, from July 1, 1920, to June 30, 1923, claim-

ant paid to the Secretary of State the sum of $787.50, as franchise taxes assessed against such no par value shares, valued at $100.00 a share, payments being in the amounts and on the dates set forth in the Bill of Particulars attached to and made part of the declaration; that such payments were forwarded to the Secretary of State under written protest, for the reason that these franchise taxes were assessed against the no par shares on a $100 valuation, and not on the actual paid in value of such shares, and claimant prays judgment against the State of Illinois for $720.38, plus interest from the respective dates of payment to the date of the filing of this claim and its reasonable costs and disbursements herein incurred. A demurrer was filed to the declaration by the Attorney General, which is sustained, as a matter of law.

Claimant contends in its brief and argument that because the Secretary of State had no authority to assess upon a valuation more than the actual paid in value of such no par value shares, the payments made were illegal and void, and therefore the claimant is entitled to a refund. It is the contention of the State that even though the payments made have been illegal and void, yet they were made voluntarily and without duress or compulsion and therefore claimant cannot recover an award; that claimant has forfeited its rights by failing to pursue its legal remedies in the courts of law and equity in this State. The payment under protest under the law automatically operated so that the monies paid were held in a separate fund after being paid over to the State Treasurer, together with a copy of the letter of protest. This fund was retained under the law for a period of two years so that if claimant desired it could pursue its remedy and have its rights determined. We do not consider that this is a proper case for the intervention of this court and that it is not a claim which in equity and good conscience we should recognize, and same is accordingly denied.